# Order

Michigan Supreme Court
Lansing, Michigan

March 12, 2010

137353

MARY I. BERKEYPILE,
        Plaintiff-Counter-
        Defendant-Appellee,

v

WESTFIELD INSURANCE COMPANY,
        Defendant-Counter-
        Plaintiff-Appellant,
and

ALLIED PROPERTY AND CASUALTY
INSURANCE COMPANY,
        Defendant.

_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 137353
COA: 274177
Jackson CC: 2006-001026-NI

On December 8, 2009, this Court heard oral argument on the application for leave to appeal the August 12, 2008 judgment of the Court of Appeals. On order of the Court, the application is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE the judgment of the Court of Appeals and REINSTATE the Jackson Circuit Court's order granting summary disposition to defendant Westfield Insurance Company. The Court of Appeals erred by not considering paragraph E(1)(a) of the policy's uninsured motorist coverage, which provides that "[i]f there is other applicable insurance available under one or more policies or provisions of coverage . . . [t]he maximum recovery under all coverage forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any coverage form or policy providing coverage on either a primary or excess basis." This provision limits the insured's maximum recovery to the highest policy limit of any single policy available. In the instant case, the highest policy limit of any single policy available was $300,000, the limit of both the Parshall and the Westfield policies. Because plaintiff recovered a total of $332,500 in settlements with the underinsured drivers, an amount higher than the highest policy limit of any single policy available, plaintiff is not entitled to additional recovery under the Westfield policy's uninsured motorist coverage. Furthermore, the Court of Appeals erred by ruling that paragraph A(2) of the policy does not apply to this

case. Paragraph A(2) of the policy applies whenever there is an "accident" with an "underinsured motor vehicle," as that term is defined in paragraph F(3)(b) of the policy, even if, as in this case, there are multiple uninsured and underinsured vehicles involved and the insured asserts claims against the drivers of the uninsured and underinsured vehicles in separate actions. Because the accident in this case involved underinsured motor vehicles included in the definition of uninsured vehicles under paragraph F(3)(b) of the policy, paragraph A(2) applies here.

KELLY, C.J., and HATHAWAY, J., would deny leave to appeal.

WEAVER, J., would grant leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 12, 2010

_____
Clerk

0309